# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ROBERT EMIL SWANSON,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF IOWA, THOMAS VILSACK, IOWA STATE ATTORNEY GENERAL'S OFFICE, IOWA DEPARTMENT OF HUMAN SERVICES, BLACK HAWK COUNTY DISTRICT COURT, CHEROKEE COUNTY DISTRICT COURT, DR. JASON SMITH, UNITED STATES GOVERNMENT, UNITED STATES PAROLE COMMISSION, JERRY EVANS,<br><br>    Respondents. | No. C06-2079-LRR<br><br>ORDER |

       This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on October 26, 2006. The Clerk of Court filed the case in this district on October 27, 2006. Prior to the case being transferred, the petitioner submitted, among other things, an application for a writ of habeas corpus,[1] a motion for subpoenas and an application for appointment of counsel. Those pleadings were respectively filed on May 30, 2006, May 31, 2006 and July 31, 2006. After the United States District Court for the Southern District of Iowa transferred

---

      [1] The Clerk's Office for the Southern District of Iowa filed the action pursuant to 28 U.S.C. § 2241. The Clerk's Office for the Northern District of Iowa filed the action pursuant to 28 U.S.C. § 2254.

the case to this court or on November 6, 2006, the petitioner filed a motion to transfer the case to the Western Division and to reassign the case to Judge Donald E. O'Brien.

With respect to the motion to transfer the case to the Western Division and to reassign the case to Judge Donald E. O'Brien, the petitioner is not able to select the judge that he prefers. Cases filed in the Northern District of Iowa are assigned on a random basis. Accordingly, the petitioner's motion to transfer the case to the Western Division and to reassign the case to Judge Donald E. O'Brien is denied.

Concerning the petitioner's application for a writ of habeas corpus, the petitioner did not submit the $5.00 filing fee.[2] *See* 28 U.S.C. § 1914(a) (requiring $5.00 filing fee). Additionally, the petitioner did not submit a proper application to proceed in forma pauperis. *See* 28 U.S.C. § 1915 (explaining proceedings in forma pauperis). Thus, the instant action is dismissed without prejudice. The Clerk of Court is directed to file the petitioner's application for a writ of habeas corpus for the purpose of making a record.

Further, the petitioner's application for a writ of habeas corpus does not comply with Rule 8 of the Federal Rules of Civil Procedure, which addresses the general rules of pleading. Because he failed to include a short and plain statement of the grounds upon which the court's jurisdiction depends, the court is unsure whether the petitioner is proceeding under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Accordingly, the instant action is dismissed without prejudice.

Despite its decision to dismiss the instant action without prejudice, the court deems it appropriate to make several observations. First, where success of an action means a civil commitment is unlawful, a petitioner must proceed to challenge his civil commitment in state court, *see* Iowa Code § 229A.8 (providing annual examinations and review of discharge or transitional release petitions by persons committed), or bring an application for a writ of habeas corpus in this court after exhausting his remedies in state court, *see*

---

[2] To the extent the petitioner is attempting to sue and/or recover compensatory damages under 42 U.S.C. § 1983, the filing fee is $350.00. *See* 28 U.S.C. § 1914(a).

28 U.S.C. § 2254 (requiring exhaustion of remedies available to those in state custody). *Cf. Harris v. Beadle*, 2004 U.S. Dist. LEXIS 4117, *4-9, 2004 WL 524464 (D. Neb. 2004). Second,

> the Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit . . . . *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). . . . The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence. *Wilson*, 503 U.S. at 335; *see also United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and, after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).

*United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). The petitioner must pursue the administrative remedies that are available to him before he elects to file a habeas corpus application under 28 U.S.C. § 2241.[3] Lastly, in the event that the petitioner elects to pursue an action under 28 U.S.C. § 2241,[4] 28 U.S.C. § 2254 or 42 U.S.C. § 1983, he

---

[3] The court notes that, with respect to his sentence credit, the petitioner cites 18 U.S.C. § 4161, *et al.*, within his application for a writ of habeas corpus. Those statutes were repealed. *See* Historical and Statutory Notes of 18 U.S.C. § 4161, *et al*. The repeal of those statutes took effect on November 1, 1987, and such repeal applied to offenses committed after November 1, 1987. As to an individual who committed an offense before November 1, 1987, the provisions of 18 U.S.C. § 4161 to 18 U.S.C. § 4166 were effective for five years after November 1, 1987. Although the petitioner complains about *United States v. Swanson*, Case No. CR88-3 (S.D. Iowa 1988), 18 U.S.C. § 3624, rather than 18 U.S.C. § 4161 to 18 U.S.C. § 4166, governs the credit that he may receive toward the service of his sentence.

[4] If the petitioner is attempting to attack the validity of his federal sentence, then he must file a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. *Matheny v.*
(continued…)

3

should submit separate applications or complaints. The petitioner should also pay the appropriate filing fee or submit a proper application to proceed in forma pauperis.

Having determined that it is appropriate to dismiss this action without prejudice, the court deems it appropriate to deny as moot the petitioner's application for appointment of counsel and motion for subpoenas.

**IT IS SO ORDERED**.

**DATED** this 21st day of November, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[4](…continued)
*Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002). On the other hand, an application which utilizes 28 U.S.C. 2241 or seeks to attack the execution of a federal sentence may be brought where the petitioner is incarcerated. *Id*. at 711.